UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a Integrated Sports Media,<br><br>                            Plaintiff,<br><br>v.<br><br>LIGIA R. BARBOSA CRUZ, individually and d/b/a Antojitos Colombianos Restaurant,<br><br>                            Defendant. | Case No.: 3:24-cv-01536-WQH-JLB<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the unopposed Motion for Attorneys' Fees and Costs (ECF No. 18) filed by Plaintiff Innovative Sports Management, Inc. doing business as Integrated Sports Media ("Plaintiff").

### I.    BACKGROUND

    On August 29, 2024, Plaintiff filed a Complaint against Defendant Ligia R. Barbosa Cruz, individually and doing business as Antojitos Colombianos Restaurant ("Defendant"). (ECF No. 1.) Plaintiff brings claims against Defendant for violations of 47 U.S.C. §§ 605 and 553, conversion, and violation of Cal. Bus. & Prof. Code § 17200 et seq. *Id.*

    Plaintiff, an international sports and entertainment distributor, alleges that it acquired the exclusive domestic commercial exhibition rights to a soccer match between Chile and Columbia (the "Program"), which was broadcast nationwide on Tuesday, September 12, 2023. *Id.* ¶ 15. Plaintiff alleges that commercial establishments were required to obtain a sub-licensing agreement from Plaintiff to lawfully broadcast the Program in their establishments. *Id.* ¶¶ 16–17. Plaintiff alleges that on the date of the broadcast, Defendant unlawfully intercepted and exhibited the Program at her commercial establishment, Antojitos Colombianos Restaurant, located at 2040 Imperial Ave., San Diego, CA 92102. *Id.* ¶¶ 20–21. Plaintiff alleges that Defendant did not have the required sub-licensing agreement and that the unauthorized broadcast "was done willfully and for . . . commercial advantage and/or private financial gain." *Id.* ¶¶ 21, 22.

    On January 17, 2025, Plaintiff filed a Request to Enter Default. (ECF No. 8.) On February 18, 2025, the Clerk of Court entered default as to Defendant. (ECF No. 10.) On April 3, 2025, Plaintiff filed a Motion for Default Judgment. (ECF No. 14.)

    On August 12, 2025, the Court granted Default Judgment for Plaintiff in the sum of $2,250.00 against Defendant. (ECF No. 16.) The Court stated:

> The FCA directs the Court to allow for the "recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails" under its provisions. 47 U.S.C. § 605(e)(3)(B)(iii). Accordingly, the Court grants Plaintiff fourteen days from the date on which judgment is entered to file a motion for costs and attorneys' fees.

*Id.* at 13.

    On August 27, 2025, Plaintiff filed the pending Motion for Attorneys' Fees and Costs. (ECF No. 18.) The docket reflects that Defendant has not filed an Opposition. Plaintiff requests $10,668.75 in attorneys' fees and $1,199.74 in costs. (ECF No. 18 at 7.)

    Pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), courts "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." Plaintiff alleges that it had the "exclusive nationwide commercial distribution (closed-circuit) rights" to broadcast the Program. (ECF No. 1 ¶ 15.) Because the Court found that

Defendant intercepted and exhibited the Program without Plaintiff's authorization at Defendant's commercial establishment (*see* ECF No. 16.), Plaintiff is an aggrieved party within the meaning of § 605 and thus is entitled to "full costs" and "reasonable attorneys' fees." *See* 47 U.S.C. §§ 605(e)(3)(B)(iii), (d)(6).

When awarding attorneys' fees, the Court must determine the reasonableness of such fees using the "lodestar" method: calculating "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," adjusted by the factors laid out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975). *Miller v. Los Angeles Cnty. Bd. of Educ.*, 827 F.2d 617, 621 (9th Cir. 1987) (citations omitted). Plaintiff filed a declaration from its counsel, Thomas P. Riley, and attached an itemized list of the fees and costs incurred, which total $10,668.75 in attorneys' fees and $1,199.74 in costs. (ECF No. 18-1.) Plaintiff's time records show that two attorneys spent a combined total of 21.25 billable hours working on this case. *Id.* The work consisted primarily of preparing demand letters and the Complaint, researching service issues, drafting the Motion for Default Judgment, responding to the Court's Order to Show Cause, and drafting the pending Motion for Attorneys' Fees and Costs. *Id.* Plaintiff's attorneys charged $675 per hour for the senior partner and $325 for the research attorney. *Id.*

The Court finds the hourly rates and hours expended in this matter reasonable given the tasks performed, and that Plaintiff's requested attorneys' fees amount requires no adjustments. *See, e.g.*, *G&G Closed Circuit Events, LLC v. Cole*, No. 23-cv-1862-BAS-DDL, 2025 WL 1150718, at *2 (S.D. Cal. Apr. 18, 2025) (collecting cases from this District that found similar hourly rates reasonable for senior partners); *G&G Closed Circuit Events, LLC v. Castillo*, No. 20-CV-2114-GPC-WVG, 2021 WL 5771233, at *2 (S.D. Cal. Dec. 6, 2021) (finding similar hourly rates reasonable for research attorney). Additionally, Plaintiff's costs include $725 in investigative fees, $405 in filing fees, and $69.74 in shipping charges. (ECF No. 18-1 at 8.) The Court finds these costs reasonable to the prosecution of the case and therefore recoverable under § 605.

IT IS HEREBY ORDERED that Plaintiff's unopposed Motion for Attorneys' Fees and Costs (ECF No. 18) is granted. Plaintiff is entitled to $10,668.75 in attorneys' fees and $1,199.74 in costs.

IT IS FURTHER ORDERED that Plaintiff shall submit a proposed judgment in accordance with this Order no later than 14 days from the entry of this Order.

Dated:  November 6, 2025

Hon. William Q. Hayes
United States District Court